[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14117
Non-Argument Calendar
_____

Agency No. A094-826-997

FLORINDA MEJIA-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 2, 2015)

Before TJOFLAT, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Florinda Mejia-Lopez, a native and citizen of Honduras, seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for statutory withholding of

removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), based on an adverse credibility finding. Mejia-Lopez argues that: (1) the IJ did not act as a fair and impartial arbiter because he was predisposed to make an adverse credibility determination; and (2) the adverse credibility provision of the REAL ID Act, 8 U.S.C. § 1229a(c)(4)(C), is unconstitutional on due process grounds.[1] After thorough review, we dismiss the petition in part and deny it in part.

We review de novo our own subject matter jurisdiction. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). We lack jurisdiction to review a claim unless the petitioner has exhausted her administrative remedies for that claim. 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider claims that have not been raised before the BIA). We review only the BIA's decision, except to the extent it expressly adopts the IJ's opinion or reasoning. Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1307 (11th Cir. 2013). When the BIA explicitly agrees with findings of the

---

[1] Mejia-Lopez also mentions the IJ's and the BIA's analysis of the evidence in the adverse-credibility determination, but she does not expressly identify this as an issue she wishes to raise on appeal. Accordingly, she has abandoned it on appeal. See Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013) ("A party adequately raises an issue when the party specifically and clearly identified it in its opening brief; otherwise, the claim will be deemed abandoned and its merits will not be addressed." (quotation omitted)). In any event, even if we were to consider this issue, substantial evidence supports the agency's adverse credibility determination.

IJ, we review the decision of both the BIA and the IJ as to those issues. Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).

First, we lack jurisdiction to review Mejia-Lopez's argument that the IJ was not fair and impartial. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V. To establish due process violations in immigration proceedings, an alien must show that she was deprived of liberty without due process of law, and that the asserted errors caused her substantial prejudice. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341-42 (11th Cir. 2003). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010). While some due process claims do not require exhaustion, "where the claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force." Sundar v. I.N.S., 328 F.3d 1320, 1325 (11th Cir. 2003) (concluding that the petitioner should have exhausted his due process challenge to the BIA's interpretation of an immigration statute before the BIA because the BIA had full authority to reconsider its previous decision interpreting the statute).

In this case, Mejia-Lopez has failed to exhaust her claim. In her brief before the BIA, she argued that the IJ erred by inserting his personal bias about what her

3

demeanor should be like and in not being sensitive to the effect of prior abuse on her ability to recall events with specificity.  However, she did not raise before the BIA the instant argument that the IJ was predisposed to make an adverse credibility determination based on his overall rate of denying asylum applications and his alleged "callous" statements.  Although we've suggested that some due process arguments may not require exhaustion, we've held that, where the BIA can provide a remedy, the claim must be presented to the BIA.  This "improper predisposition" argument is an issue for which the BIA could have provided a remedy -- indeed, it could have overturned the IJ's decision if it found Mejia-Lopez's instant allegations of bias decisive.  Because Mejia-Lopez failed to exhaust this claim, we lack jurisdiction to review it.

As for her argument that the adverse credibility provision of the REAL ID Act violated her due process rights, we are unpersuaded.  The scope of judicial review of immigration legislation is limited because "over no conceivable subject is the power of Congress more complete . . . ."  Fiallo v. Bell, 430 U.S. 787, 792 (1977) (quotation omitted).  The Supreme Court "ha[s] long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control."  Id. (quotation omitted).  In exercising its power over immigration, "Congress regularly makes rules that would be unacceptable if applied to citizens."  Id. (quotation

omitted).  The Supreme Court held that it would not review immigration legislation based on a congressional policy choice "under a more exacting standard" of review than determining whether Congress had a "facially legitimate and bona fide reason" for its choice.  Id. at 794-95 (quotation omitted).

"[C]laims as to the unconstitutionality of the statutes and regulations administered by [the BIA] are outside the scope of [its] jurisdiction."  Matter of Valdovinos, 18 I. & N. Dec. 343, 345 (BIA 1982).  Under the REAL ID Act, an IJ making a credibility determination may consider

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1229a(c)(4)(C).

Here, although Mejia-Lopez did not exhaust this claim before the BIA, we have jurisdiction to consider it because she asserts the unconstitutionality of the REAL ID Act, which is outside the scope of the BIA's jurisdiction.  Nevertheless, Mejia-Lopez has failed to demonstrate that the adverse credibility provision of the REAL ID Act is unconstitutional on due process grounds.  Specifically, Congress's interest in controlling immigration to this country constitutes a "facially legitimate

and bona fide reason" for its decision to provide a series of factors for IJs to consider in determining whether an alien's account is credible and would support relief from removal.    Moreover, to the extent that she challenges the constitutionality of an IJ's ability to base an adverse credibility determination on "any inaccuracies or falsehoods" in a petitioner's application or testimony, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim," she has failed to provide any persuasive argument as to why this does not comport with Congress's interest in limiting immigration. Thus, we deny the petition for review as to this issue.

**PETITION DISMISSED IN PART, DENIED IN PART.**